**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 08-1823

GUSTAVO ADOLFO ZAMBRANO HERRERA,

Petitioner,

v.

ERIC H. HOLDER, JR., Attorney General,

Respondent.

On Petition for Review of an Order of the Board of Immigration
Appeals.

Submitted:  June 26, 2009            Decided:  July 15, 2009

Before NIEMEYER and SHEDD, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

Dismissed in part and denied in part by unpublished per curiam
opinion.

Alexander N. Agiliga, Largo, Maryland, for Petitioner. Michael
F. Hertz, Acting Assistant Attorney General, Terri J. Scadron,
Assistant Director, Office of Immigration Litigation, UNITED
STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Gustavo Adolfo Zambrano Herrera, a native and citizen of Venezuela, seeks review of an order of the Board of Immigration Appeals (Board) adopting and affirming the decision of the Immigration Judge (IJ) denying relief from removal. In his petition for review, Zambrano Herrera first argues that he qualified for asylum. We note that the Board expressly affirmed the IJ's finding that Zambrano Herrera's asylum application was not timely filed and that no exceptions applied to excuse the untimeliness. As Zambrano Herrera does not meaningfully challenge the Board's finding that his asylum application was untimely, we conclude that he has waived this claim on appeal. See Niang v. Gonzales, 492 F.3d 505, 510 n.5 (4th Cir. 2007) (noting that finding of untimeliness was waived on appeal, and if not court would lack jurisdiction to review it). We therefore may not review Zambrano Herrera's claim that he is eligible for asylum.

Zambrano Herrera next challenges the Board's finding that he failed to qualify for withholding of removal. "To qualify for withholding of removal, a petitioner must show that he faces a clear probability of persecution because of his race, religion, nationality, membership in a particular social group, or political opinion." Rusu v. INS, 296 F.3d 316, 324 n.13 (4th Cir. 2002) (citing INS v. Stevic, 467 U.S. 407, 430 (1984)).

2

Based on our review of the record, we find that substantial evidence supports the finding that Zambrano Herrera did not establish eligibility for withholding of removal. Finally, we uphold the finding below that Zambrano Herrera failed to show that it is more likely than not that he would be tortured if removed to Venezuela. See 8 C.F.R. § 1208.16(c)(2) (2009).

Accordingly, we dismiss in part and deny in part the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED IN PART
AND DENIED IN PART